PHILLIP A. TALBERT
United States Attorney
JEFFREY A. SPIVAK
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-00256-JLT-SKO |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| Carlos Javier Felix LOPEZ (1) David Michael MARIN (2), Armando Acosta TORO (8), | MOTIONS HEARING: November 13, 2023 TIME: 10:00 a.m. COURT: Hon. Jennifer L. Thurston |
| Defendants. | TRIAL DATE: January 30, 2024 TIME: 8:30 a.m. COURT: Hon. Jennifer L. Thurston |

This case is set for (1) a motions hearing on November 13, 2023 at 10:00 am, and (2) a jury trial on January 30, 2024 at 8:30 am. As set forth below, the parties now move, by stipulation, to continue (1) the motions hearing from November 13, 2023 at 10:00 am to December 18, 2023 at 10:00 am, and (2) the jury trial from January 30, 2024 to June 3, 2024; and to exclude the time period between January 30, 2024 and June 3, 2024 under the Speedy Trial Act.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for (1) a motions hearing on November 13, 2023 at 10:00 am, and (2) a jury trial on January 30, 2024 at 8:30 am.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

2. By this stipulation, the parties now move to continue (1) the motions hearing from November 13, 2023 at 10:00 am to December 18, 2023 at 10:00 am, and (2) the jury trial from January 30, 2024 to June 3, 2024; and to exclude the time period between January 30, 2024 and June 3, 2024 under the Speedy Trial Act (and Local Code T4).

3. The parties agree and stipulate, and request that the Court find the following:

   a) On September 18, 2023, Defendant David Marin filed a motion to suppress the wiretap in the case (ECF #425), which was opposed by the United States (ECF #432). Marin believes that a ruling on that motion could affect his decision to proceed to trial. Marin and the United States believe that the interests of justice and judicial economy are served by a continuance of the January 30, 2024 to allow the Court time to review and consider the motion, while allowing the parties to avoid trial preparations that may be unnecessary.

   b) On/about October 21, 2023, Marin's wife suffered a heart attack, was in ICU until very recently, and remains hospitalized. Marin seeks additional time to prepare for the motions hearing.

   c) Codefendants Lopez and Toro continue to engage in plea negotiations with the United States and also seek additional time for that purpose, and for continued trial preparation.

   d) The government has represented that the discovery associated with this case is voluminous and includes many thousands of hours of wiretap calls, hundreds of hours of video, hundreds of investigative reports, hundreds of pictures, and extensive other evidence. This case was a multi-agency wiretap investigation that lasted nearly a year. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   e) In addition to the discussion above, counsel for defendants also desire additional time consult with the client(s), to conduct further investigation and research related to the charges, to review discovery, to discuss potential resolution, and to prepare for trial.

   f) Counsel believe that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   g) The government joins the request for the continuances.

   h) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   i) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 30, 2024 to June 3, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  October 31, 2023        PHILLIP A. TALBERT
                     United States Attorney

                     /s/ JEFFREY A. SPIVAK
                     JEFFREY A. SPIVAK
                     Assistant United States Attorney

Dated:  October 31, 2023        /s/ Ernest Lutz
                     Ernest Lutz
                     Counsel for Defendant
                     Carlos Lopez (1)

Dated:  October 31, 2023        /s/ Eric Kersten
                     Erick Kersen, Assistant Federal
                     Defender
                     Counsel for Defendant
                     David Marin (2)

Dated:  October 31, 2023        /s/ Kevin Rooney
                     Kevin Rooney
                     Counsel for Defendant
                     Armando Toro (8)

**FINDINGS AND ORDER**

IT IS SO FOUND.
IT IS SO ORDERED.

Dated:   **November 1, 2023**

_____
UNITED STATES DISTRICT JUDGE