UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID MICHAEL MARIN,<br><br>Defendant. | Case No.  1:19-cr-00256-JLT-SAB-2<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 586) |

David Marin, a federal prisoner proceeding on a 28 U.S.C. § 2255 motion to vacate, set aside or correct his April 28, 2025 sentence upon plea agreement to 128 months in custody and 36 months of supervised release and $100 special assessment, seeks appointment of counsel.[1] The Court finds the matter amendable to decision without a hearing.  Rule 78 of the Federal Rules of Civil Procedure; E.D. Cal. Local Rule 230(g).

As the Court has observed, there is no constitutional right to appointment of counsel in habeas proceedings. *See United States v. Jaramillo*, 2025 WL 2462728, at *21 (E.D. Cal. June 18, 2025), *certificate of appealability denied*, 2025 WL 2444546 (E.D. Cal. Aug. 25, 2025). The Supreme Court explained in *Pennsylvania v. Finley*, 481 U.S. 551 (1987), that:

> Our cases establish that the right to appointed counsel extends to the

---

[1] Defendant is incarcerated at FCI Sheridan, OR, with an anticipated release date of February 9, 2034. Federal Bureau of Prisons Inmate Locator (http://www.bop.gov/inmateloc/) last visited April 4, 2026.

1

> first appeal of right, and no further. . . . We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, a fortiori, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process.

*Finley*, 481 U.S. at 555.[2]

Even so, a habeas petitioner possesses a non-constitutional, statute-based or rule-based ground for obtaining appointed counsel in certain situations. 28 U.S.C. § 2255(g) ("Except as provided in section 408 of the Controlled Substances Act, in all proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority.") Appointment of counsel under this section is governed by the Criminal Justice Act, 18 U.S.C. § 3006A, and Rules 6 and 8 of the Rules Governing Section 2255 Proceedings. 28 U.S.C. foll. § 2255.

Trial courts have the discretion to appoint counsel for a financially eligible person who is seeking relief under 28 U.S.C. §§ 2241, 2254 or 2255, at any stage of the case when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2); Rule 8(c) of the Rules Governing Section 2254 Cases and the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. §§ 2254 & 2255; *see Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt*, 718 F.2d at 954.

Appointment of counsel to assist a financially eligible § 2255 movant is required in at least two situations: (1) when the court determines that counsel is "necessary for effective utilization of discovery procedures"; and (2) when the court determines that "an evidentiary hearing is required." Rules 6(a), 8(c), Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255; *see also United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *Weygandt*, 718 F.2d at 954.

Here, there has been no showing that Defendant does not understand the nature of his

---

[2] Defendant did not appeal his judgment of conviction and sentence, which is now final.

potential claims or is unable to articulate his claims pro se. The Court has not determined that effective utilization of discovery procedures necessitates appointment of counsel, or that an evidentiary hearing is required in the case.

THEREFORE, the motion for appointment of counsel (Doc. 586) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:    **April 9, 2026**

UNITED STATES DISTRICT JUDGE