UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID MICHAEL MARIN,<br><br>    Defendant. | Case No.  1:19-cr-00256-JLT-SAB-2<br><br>ORDER DENYING DEFENDANT'S REQUEST TO MODIFY OR RECONSIDER *BITTAKER* PROTECTIVE ORDER<br><br>(Doc. 599) |

David Marin is a federal prisoner proceeding on a 28 U.S.C. § 2255 motion to vacate, set aside or correct his April 28, 2025, sentence, based in part on a claim of ineffective assistance of counsel (IAC). He now seeks modification or reconsideration of the Court's *Bittaker* protective order finding partial waiver of defendant's attorney-client and work product privileges and providing for compelled discovery from defendant's former counsel.[1] *See Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) ("[W]here a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."); *id*. at 722 n.6 ("Although our decision is couched in terms of the attorney-client privilege, it applies equally to the work product privilege[.]"). Defendant argues the partial waivers of privilege and compelled discovery

---

[1] Defendant's request is captioned as "Reply and Clarification of Claims and Scope of Privilege Waiver." (Doc. 599).

1

ordered by the Court (Doc. 593) are overbroad and extend beyond claimed IAC to reach "independent constitutional violations" allegedly asserted in his § 2255 motion. (*See* Doc. 599 at 1).

The Court finds defendant's request to modify the *Bittaker* order is unwarranted. The partial waivers of attorney-client and work product privileges and compelled discovery provided in the protective order are limited to defendant's § 2255 claims asserting potential IAC in this proceeding. (*See* Docs. 583, 593); *Bittaker*, 331 F.3d at 720-21. Moreover, the protective order provides that this otherwise confidential material may be disclosed only in relation to this habeas proceeding. (Doc. 593); *see Bittaker*, 331 F.3d at 727-28.

Even if the defendant were correct that predicate facts underlying IAC support independent constitutional violation(s)[2], that alone would not entitle him to the requested relief, for the reasons stated. His merits argument in support of alleged independent constitutional violations likewise does not entitle him to relief. Notably, defendant does not suggest that adjudication of any alleged independent constitutional claims relies upon the compelled discovery of privileged materials.

Additionally, if the Court construes defendant's request as one seeking reconsideration of the protective order, it finds that reconsideration is not supported. *See Bittaker*, 331 F.3d at 717-18 (*Bittaker* protective order is appealable). Defendant has not demonstrated any new or different facts or circumstances or other grounds warranting relief from the protective order. *See* Rule 60(b) of the Federal Rules of Civil Procedure (providing for relief from a final order on grounds including mistake, newly discovered evidence, and any reason that justifies relief); *see also* E.D. Cal. L.R. 430.1(i)(3), 230(j) (same). Thus, the defendant's request for the Court to modify or reconsider its *Bittaker* protective order granting partial waiver of defendant's attorney-client and work product privileges and for compelled discovery from his former

---

[2] For purposes of defendant's instant request, the Court need not and does not consider whether any constitutional violations other than IAC survive the collateral attack waiver of the defendant's plea agreement. (*See* Doc. 512 at 8-9); *see also United States v. Goodall*, 21 F.4th 555, 561 (9th Cir. 2021) (plea waiver must be knowing and voluntary); *Washington v. Lampert,* 422 F.3d 864, 871 (9th Cir. 2005)) ("[A] plea agreement that waives the right to file a federal habeas petition . . . is unenforceable with respect to an [ineffective assistance of counsel] claim that challenges the voluntariness of the waiver.").

counsel (Doc. 599), is **DENIED**.

IT IS SO ORDERED.

Dated:    **May 6, 2026**

UNITED STATES DISTRICT JUDGE