UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:19-cr-00256-JLT-SAB-2 |
| Plaintiff, | ORDER DENYING RENEWED REQUEST FOR APPOINTMENT OF COUNSEL |
| v. | (Doc. 600) |
| DAVID MICHAEL MARIN, | |
| Defendant. | |

David Marin is proceeding on a 28 U.S.C. § 2255 motion to vacate, set aside or correct his April 28, 2025 sentence of 128 months in custody and 36 months of supervised release and $100 special assessment. He now renews his recently denied request for appointment of counsel. The Court finds the interests of justice do not require appointment of counsel.

As it was a month ago, it remains that defendant has not shown an inability to understand or articulate potential claims raised in his § 2255 motion. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. § 2255(g); Rules 6(a), 8(c) of the Rules Governing Section 2254 & 2255 Proceedings, 28 U.S.C. foll. §§ 2254 & 2255; (*see also* Doc. 595 citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Defendant's renewed motion, which purports to clarify the record previously considered by the Court, does not proffer any new or different facts or circumstances or other grounds warranting appointment of counsel. The Court has not ordered evidentiary development. Defendant's incarceration and

1

lack of legal training is not a basis to grant the requested relief, for the reasons stated.

Even if the instant motion could be construed as seeking reconsideration of the Court's previous denial of appointment of counsel (Doc. 595), it fails for the reasons stated. *See* Rule 60(b) of the Federal Rules of Civil Procedure (providing for relief from a final order on grounds including mistake, newly discovered evidence, and any reason that justifies relief; *see also* E.D. Cal. L.R. 430.1(i)(3), 230(j) (same); *Weygandt*, 718 F.2d at 954 ("We find an interlocutory order denying appointment of counsel in a habeas proceeding is similarly "inherently tentative."). "Motions to reconsider are also not vehicles permitting the unsuccessful party to rehash arguments previously presented." *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 649 F. Supp. 2d 1063, 1069-70 (E.D. Cal. 2009) (quoting *United States v. Navarro,* 972 F. Supp. 1296, 1299 (E.D.Cal.1997), *rev'd on other grounds,* 160 F.3d 1254 (9th Cir.1998).

As this Court has observed, "motions for reconsideration in criminal cases are almost always denied when they rest on arguments or evidence the moving party previously raised or could have raised and denial would not cause manifest injustice." *United States v. Caputo*, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023) (citing *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty,* 649 F. Supp. 2d at 1069).

Thus, the renewed motion for appointment of counsel (Doc. 600) is **DENIED**.

IT IS SO ORDERED.

Dated:    **May 6, 2026**

_____
UNITED STATES DISTRICT JUDGE