UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DAVID MICHAEL MARIN,<br>Defendant. | Case No. 1:19-cr-00256-JLT-SAB-2<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AND DECLINIG TO ISSUE A CERTIFICATE OF APPEALABILITY |

## I. INTRODUCTION

David Marin is a federal prisoner proceeding *pro se* on a 28 U.S.C. § 2255 motion filed on November 24, 2025, seeking to vacate, set aside, or correct his sentence following guilty plea upon written agreement.[1] (Doc. 583). The government timely filed its opposition on June 20, 2026. (Doc. 608). Marin timely replied to the opposition July 13, 2026.[2] (Doc. 613). After considering the arguments of the parties and the applicable authorities, the motion is **DENIED.**

## II. BACKGROUND

On November 7, 2019, Marin and eleven others were charged by complaint with Distribution and Possession with Intent to Distribute a Controlled Substance and Aiding and Abetting such action,

[1] The § 2255 motion was timely filed. *See* 28 U.S.C. § 2255(f); Fed. R. App. P. 4(b)(1). The government does not contend otherwise. (See Doc. 608).

[2] The Court has also considered Marin's reply filed on July 21, 2026. (See Doc. 614).

in violation of 21 U.S.C. § 841. (Doc. 1). On November 21, 2019, a grand jury indicted Marin on four counts related to drug trafficking and conspiracy. Counts 1, 2, and 4 each carried a statutory maximum of 20 years in custody, while the remaining Count carried a statutory maximum of 10 years. (Doc. 55 at 7). The next day Marin was arraigned and pleaded not guilty. (Doc. 67).

On April 26, 2024, Marin was charged by superseding information with one count of Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1), which carried a statutory maximum 20 years in custody. (Doc. 482). On September 3, 2024, the Court arraigned Marin on the superseding information, and he pleaded guilty to the charge pursuant to a plea agreement. (Doc. 514; Doc. 512). Marin admitted the facts set forth in the factual basis for his plea, which was attached to the plea agreement.[3] (Doc. 512 at 11). Marin also waived certain rights including the right to "appeal his guilty plea, conviction, and sentence . . . [and] any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims." (Doc. 512 at 8-9). A year later, the Court sentenced Defendant to 128 months in custody, with 36 months of supervised released to follow, and a special assessment of $100. (Doc. 556). Marin did not appeal.[4] (*See* docket).

## III. STANDARD OF DECISION

"A federal prisoner challenging the legality of detention generally must do so by a motion pursuant to 28 U.S.C. § 2255." *Scaggs v. Ciolli*, 2023 WL 1879461, at *1 (9th Cir. February 10, 2023) (citing *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006)). Under § 2255, a prisoner in federal custody under sentence imposed by a federal court, may collaterally attack the validity of his conviction or sentence by filing a motion to vacate, set aside or correct the sentence in the court that imposed the sentence. *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002). Section 2255 also enumerates the grounds upon which a sentencing court may grant the federal prisoner relief:

---

[3] Mr. Marin had been appointed counsel, Eric Kersten, first as an Assistant Federal Defender and then as CJA counsel, when Mr, Kersten left that office.

[4] At the sentencing hearing, the Court advised Marin of his appellate rights despite the waivers in his plea agreement. (Doc. 607 at 34).

"[u]pon the ground that [1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] . . . the court was without jurisdiction to impose such sentence, or [3] . . . the sentence was in excess of the maximum authorized by law, or [4] [the sentence] . . . is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see also United States v. Roper*, 72 F.4th 1097, 1102 (9th Cir. 2023), *abrogated on other grounds by Fernandez v. United States*, 146 S. Ct. 1292, 1302 (2026) (quoting *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999)) ("Section 2255 grants a prisoner in custody the right at any time to bring a motion to vacate, set aside or correct the sentence upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law. . . .").

A successful § 2255 motion requires the federal prisoner to demonstrate the existence of an error of constitutional magnitude that "had a substantial and injurious effect or influence on the guilty plea or [ ] jury's verdict" and show the error resulted in actual prejudice. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). Section 2255 relief is only warranted where a movant shows the asserted "fundamental defect . . . inherently result[ed] in a complete miscarriage of justice." *United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008); *United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.") "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see also Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (stating "vague and conclusory" allegations in a § 2255 motion do not support relief); *Neighbors v. United States*, 457 F.2d 795, 795 (9th Cir. 1972) (affirming denial of § 2255 motion where the allegations regarding ineffective assistance of counsel were entirely conclusory and without support in the record).

## IV. DISCUSSION

Marin claims that he was denied Fourth and Sixth Amendment rights to participate in and the assistance of competent counsel in relation to: (1) the December 18, 2023 suppression hearing relating to the unwarranted search of his car during the June 17, 2019 traffic stop and seizure of methamphetamine from the car, (2) the September 3, 2024 plea change hearing and guilty plea, and

(3) the April 28, 2025 sentencing hearing. (Doc. 583 [the § 2255 motion] at 4-16, Grounds One through Four therein). As explained below, Marin is not entitled to relief on the asserted Grounds.

**A. Ineffective Assistance of Counsel – Guilty Plea**

Marin asserts that his guilty plea upon written agreement was invalid due to his attorney's alleged ineffective assistance. (*See* Docs 583, 613, 614); *see also United States v. Jaramillo*, 2025 WL 2462728, at *5 (E.D. Cal. June 18, 2025), *Certificate of Appealability denied*, 2025 WL 2444546 (E.D. Cal. Aug. 25, 2025) (citing *United States v. Goodall*, 21 F.4th 555, 561 (9th Cir. 2021)) ("[A] plea agreement that waives the right to file a federal habeas petition . . . is unenforceable with respect to an [ineffective assistance of counsel] claim that challenges the voluntariness of the waiver itself.").

Ineffective assistance of counsel claims may be heard on collateral review, even if a defendant could have, but failed to, bring those claims on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504-05, 509 (2003); *see also United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993); *United States v. Ratigan*, 351 F.3d 957, 964-65 (9th Cir. 2003).

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). A defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* The law governing ineffective assistance of counsel claims is clearly established. *Canales v. Roe*, 151 F.3d 1226, 1229 (9th Cir. 1998). In *Strickland*, the Supreme Court held that there are two components to an ineffective assistance of counsel claim: "deficient performance" and "prejudice." 466 U.S. at 687.

First, "deficient performance" means representation that "fell below an objective standard of reasonableness." *Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir. 2011) (citing *Strickland*, 466 U.S. at 688). The defendant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances. *See Strickland*, 466 U.S. at 690; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995) (same). There is a strong presumption that counsel's performance fell within the "wide range of professional assistance."

*Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689). Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689; *Quintero-Barraza*, 78 F.3d at 1349; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

Second, to demonstrate prejudice, the movant must show that “there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.” *Strickland*, 466 U.S. at 694. “It is not enough ‘to show that the errors had some conceivable effect on the outcome of the proceeding.’ ” *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693). A “reasonable probability” is “a probability sufficient to undermine confidence in the outcome.” *Strickland*, 466 U.S. at 694; *United States v. Leonti*, 326 F.3d 1111, 1120 (9th Cir. 2003) (same).

The Sixth Amendment right to the effective assistance of counsel extends to the plea-bargaining process, including the decision whether to accept or reject a plea offer. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012); *see also Hill v. Lockhart,* 474 U.S. 52, 57-59 (1985) (same); *Premo v. Moore*, 562 U.S. 115, 129 (2011) (quoting *Hill,* 474 U.S. at 59) (to prevail on prejudice in the context of a plea, defendant must demonstrate “a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.”). Where a defendant pleaded guilty and no trial occurred, “the defendant must demonstrate that absent h[is] attorney's incompetence, [the defendant] would rationally have rejected the plea bargain and would either have gone to trial or received a better plea bargain instead.” *United States v. Valle-Rodriguez*, 2026 WL 323123, at *2 (N.D. Cal. Feb. 6, 2026) (quoting United States v. *Rodriguez*, 49 F.4th 1205, 1213 (9th Cir. 2022)); *see also Moore*, 562 U.S. at 125 (“[S]trict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage.”).

A court evaluating an ineffective assistance of counsel claim is limited to evidence contemporaneous to the guilty plea, and looking at the contemporaneous evidence, the court assesses the likelihood the defendant would prevail at trial, and the relative consequences of the defendant's guilty plea compared to a guilty verdict at trial. *United States v. Peterson*, 2025 WL 2780042, at *8 (E.D. Cal. Sept. 30, 2025) (citing *Rodriguez*, 49 F.4th at 1214).

///

**1. Counsel's Presumed Competence Prior to the Guilty Plea**

Marin argues in conclusory and general terms that his lawyer failed reasonably to investigate and develop the defense, litigate evidentiary issues, and ensure Marin's presence where constitutionally required.[5] (Doc. 583 at 4). Particularly, Marin argues that Counsel failed competently to ensure his presence at the December 18, 2023 suppression motion, to properly litigate it, and to appeal the Court's denial of that motion. (*Id.* at 6, 14). But Marin does not point to any record facts that counsel's conduct prior to plea proceedings was prejudicially deficient in these regards or otherwise.

For example, counsel notes that he reviewed the charges and the government's case and related discovery including the voluminous court authorized wiretap calls and corroborating law enforcement video surveillance and reports. (Doc. 608 at 16-17; *see also* Doc. 177 at 3). Counsel asserts that he considered this evidence in the context of Fourth Amendment issues raised by the June 17, 2019 traffic stop. *See Katz v. United States,* 389 U.S. 347, 357-58 (1967) (the Fourth Amendment protects against unreasonable searches and seizures). Counsel considered law enforcement's belief at the time that Marin was transporting a large quantity of methamphetamine, and the possibility the traffic stop itself (ostensibly due to lack of a front license plate) was insufficient to support the search and seizure of the 18 pounds of methamphetamine and other controlled substances found in the trunk of the car. (Doc. 608 at 16-17 citing Doc. 1 at 27-47); *see also United States v. Choudry,* 461 F.3d 1097, 1100 (9th Cir. 2006) (officers have reasonable suspicion when "[s]pecific, articulable facts . . . together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity."); *United States v. Kelley,* 482 F.3d 1047, 1050 (9th Cir. 2007) ("[P]robable cause means a fair probability that contraband or evidence is located in a particular place . . . upon the totality of the circumstances[.]"); *United States v. Ramirez,* 473 F.3d 1026, 1033 (9th Cir. 2007) (recognizing the collective knowledge of law enforcement in support of reasonable suspicion or probable cause).

[5] Marin's assertion that Counsel's ineffective assistance was related to COVID is undeveloped and unsupported in the record and in any event not a basis for relief, for the reasons stated. (See Doc. 583 at 4, 14-15; sections IV A-C herein.)

Counsel reasonably moved to suppress the drugs seized during the traffic stop on grounds the wiretap intercepts/search warrant and related surveillance did not provide probable cause and that the traffic stop was a ruse. (Doc. 608 at 16-17, citing Doc. 425 at 31-33); *see also Shah,* 878 F.2d at 1161). Counsel filed a comprehensive 40-page motion to suppress wiretap evidence relating to TT-10 and the application for SW-00087 and the drugs seized during the search of Marin's car following the purported traffic stop. (Doc. 425). The motion was supported by four sealed exhibits and asserted violations of the Fourth Amendment and the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §§ 2510-2522, raised by the allegedly insufficient wiretap application and affidavit and the lack of probable cause for the traffic stop. (Doc. 425 at 7, 26-39; Doc. 426). Therein, Counsel specifically asserted the intercepted calls and surveillance were insufficient to support a lawful search and seizure, and that the 30-minute traffic stop was unconstitutional. (*See* Doc. 1 at 29-49). The government filed a 32-page merits opposition to the motion to suppress. (Doc. 432). Counsel filed a 6-page reply to the opposition. (Doc. 451).

Following the contested December 18, 2023, hearing (*see* Doc. 606), the Court denied the suppression motion in an 11-page reasoned decision on the merits. The Court concluded that "[c]onsidering the facts of the affidavit and the nature of the investigation as a whole . . . the issuing court did not abuse its discretion in concluding that necessity existed to wiretap Marin's phone." (Doc. 468 at 11).

Marin does not argue at any acceptable level of specificity, nor does he point to facts that counsel erred or failed to represent him competently in litigating the suppression motion. That the Court denied the suppression motion is not reason to find otherwise. (*See* Doc 608 at 17); *see also United States v. Meza*, 2022 WL 2873213, at *5 (S.D. Cal. July 21, 2022)) (citing *Harrington v. Richter*, 562 U.S. 86, 105 (2011)) (that a strategy ultimately proved unsuccessful does not alone amount to incompetence under prevailing professional norms).

Marin's argument that counsel and/or the Court erred on grounds he was absent from or not "meaningfully" present at the December 18, 2023 suppression hearing, is vague, conclusory, and

expressly refuted by the record.[6] (*See* Doc. 583 at 4-55, 7, 14-15, citing *United States v. Gagnon*, 470 U.S. 522 (1985); *see also* Doc. 599 at 1; Doc. 604 at 1). For example, counsel reports that during his representation, Marin was present at all hearings including the suppression, change of plea, and sentencing hearings. (Doc. 608 at 16). The Court's transcript of the December 18, 2023 suppression hearing expressly demonstrates that Marin was present. (Doc. 606 at 2). Moreover, Marin's assertion that he was not "meaningfully present" at the suppression hearing (*see* Doc. 613 at 1; Doc. 614 at 1), is entirely unsupported by citation to fact or legal authority.

Marin's argument that counsel erred by failing to assert a state law bar to federal proceedings relating to the June 17, 2019 traffic stop is merely vague, conclusory, and refuted by the undisputed record. (*See* Doc. 583 at 4, 15-16). For example, counsel reports that he researched state court records regarding Marin's belief state charges raised by the traffic stop and drug seizure were filed and then dismissed. Counsel advised Marin that no such charges were filed. (Doc. 608 at 16-17). Counsel advised Marin that in any event a dismissal of state charges would not bar federal prosecution. (*Id*); *see also United States v. Cole*, 2025 WL 1134978, at *12 (E.D. Cal. Apr. 17, 2025), report and recommendation adopted, 2025 WL 1569629 (E.D. Cal. June 3, 2025), Certificate of Appealability denied, 2026 WL 2004579 (9th Cir. Feb. 25, 2026) (citing 18 U.S.C. § 3231) ("the district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States"). Marin makes no proffer otherwise.

While conceding the charges against him were severed from his co-defendants for purposes of trial (*see* Docs. 427, 433, 468), Marin argues that counsel erred by failing to collaborate with counsel for co-defendants in developing a joint defense and discovery sharing. (Doc. 583 at 5, 14-16). But the argument belies the undisputed factual record. For example, counsel notes that any desire Marin voiced for a joint defense was not tethered to any particular issue or hoped-for benefit. (Doc. 608 at 20). Counsel advised Marin that he would not be pursuing a joint defense because doing so presented no tactical or strategic advantage. (*Id.*); *see also Strickland*, 466 U.S. at 689 ("[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

[6] To the extent Marin asserts that he was absent from "evidentiary hearings" (see Doc. 583 at 13-14), he does not identify any such hearing or proffer facts in support, and he is not entitled to relief thereon.

professional assistance”). Marin has not proffered facts or authority otherwise. (*See* Docs. 583, 613, 614).

Counsel’s decision not to acquiesce in Marin’s request to take an interlocutory appeal from denial of the suppression motion, on grounds there was no meritorious basis for appeal, was not ineffective assistance. (*See* Doc. 608 at 18); *see also United States v. Vasquez*, 2026 WL 836485, at *5 (E.D. Cal. Mar. 26, 2026) (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)) (counsel is under no obligation to make frivolous motions or advise a defendant of every conceivable constitutional attack he might mount). Relatedly, counsel asserts that Marin was aware he waived his right to appeal in the plea agreement, and did not ask counsel to file a notice of appeal. (*Id*. at 19-20).

Additionally, “[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.” *Henderson,* 411 U.S. at 267. An intentional and voluntary guilty plea bars the later assertion of constitutional challenges. *See U.S. v. Bohn,* 956 F.2d 208, 209 (9th Cir.1992).

Marin’s valid guilty plea waivers included within their scope “any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.” (Doc. 583 at 8-9); section IV A 2, post); *see also Henderson*, 411 U.S. at 267 (a defendant who has pleaded guilty may not thereafter raise claims of constitutional violations occurring prior to entry of the plea, as “a guilty plea represents a break in the chain of events which has preceded it in the criminal process.”); *United States v. Upshaw*, 2019 WL 1170483, at *5 (E.D. Cal. March 13, 2019) (citing *McMurtrey v. Ryan*, 539 F.3d 1112, 1119 (9th Cir. 2008)) (declining to consider an alleged pre-plea constitutional violation in a habeas appeal). Therefore, even if Marin could show that Counsel was ineffective prior to the guilty plea, he has not argued much less pointed to facts that the guilty plea upon plea agreement was rendered invalid on that basis. The guilty plea bars any such claims.[7]

[7] The Court need not and does not consider whether any such claims were procedurally defaulted. See *Bousley v. United States*, 523 U.S. 614, 621-22 (1998) (a federal prisoner who fails to raise a waivable constitutional claim on direct appeal procedurally defaults the claim and must demonstrate cause and prejudice or actual innocence to obtain relief under § 2255).

**2. Counsel's Presumed Competence During the Plea Process**

Marin argued that Counsel was ineffective during the plea process so as to invalidate his guilty plea and plea waivers. (Doc. 583; *see also* Doc. 613 at 1-2; Doc. 614 at 1).[8] This argument is vague, conclusory, and unsupported in the factual record. (*Id.*) For example, the attorney attests that he reviewed with Marin the offense, the offense elements, and the government's evidence. (Doc. 608 at 18). Counsel avers that thereupon, he advised Marin it was "very likely the jury would find him guilty if we proceeded to trial." (*Id.*). Counsel reports that he reviewed with Marin the government's proffered plea agreement paragraph by paragraph. (Doc. 608 at 18).

Marin told the attorney that he understood and agreed to the plea agreement including as to the appellate waiver; the government's agreement to recommend a 2-level downward variance under the 2023 United States Sentencing Guidelines (*see* USSG §1B1.11); and the government's agreement that Marin could plead guilty to a charge omitting the 10-year mandatory minimum sentence. (*Id*). Counsel advised Marin the plea agreement was in his best interest. (*Id.*). Counsel also addressed Marin's concern regarding denial of the suppression motion, advising him that it was unlikely the Circuit would find reversible error. (*Id.*)

Additionally, the plea colloquy demonstrates that Marin understood the charges, possible punishment, potential defenses, and the terms of his plea to Count One of the superseding information. (Doc. 603 at 6-18). For example, Marin confirmed to the Court that he discussed the case, the defense options, the sentencing Guidelines, and the plea deal with counsel and was satisfied with the representation provided by the attorney. (*Id.*). Marin confirmed he understood and agreed to waive the right to appeal and to collaterally attack the plea and sentence even absent any assurance of what his sentence would be. (*Id.*) Marin confirmed that he plead guilty voluntarily because he was guilty of violating Count One as stated in the factual basis for the plea. (*Id.*); *see also Chizen v. Hunter*, 809 F.2d 560, 562 (1986) (noting that "statements made by a criminal defendant contemporaneously with his plea should be accorded great weight" because "[s]olemn declarations made in open court carry a strong presumption of verity"); *Blackledge v. Allison*, 431 U.S. 63, 73-74

[8] Given Marin's *pro se* status and the apparent lack of prejudice to the government, the Court has considered arguments initially raised on reply. (See Doc. 614).

(1977) (citing *Machibroda v. U.S.*, 368 U.S. 487, 495-496 (1962)) ("[T]he representations of the defendant, his lawyer, and the prosecutor at such a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

Therefore, the Court finds that Marin has not alleged facts overcoming the presumption that Counsel's conduct in relation to the plea process was reasonable and strategically motivated. *See Strickland*, 466 U.S. at 689 ("[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"). Marin's mere "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James*, 24 F.3d at 26; *see also United States v. Mazzei,* 2026 WL 1194920, at *4 (D. Haw. May 1, 2026) ("[P]resentation of conclusory allegations unsupported by specifics is subject to summary dismissal. . . ."); *Roe v. Flores-Ortega*, 528 U.S. 470, 482 (2000) ("We normally apply a strong presumption of reliability to judicial proceedings and require a defendant to overcome that presumption [citations] by show[ing] how specific errors of counsel undermined the reliability of the finding of guilt[.]"); *Hill*, 474 U.S. at 56 (citing *McMann v. Richardson,* 397 U.S. 759, 771 (1970)) ("[T]he voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases[.]").

As discussed above, the record shows that Marin, having been advised of the risks and benefits of trial versus plea, and understanding that advice, pleaded guilty, a decision in which Counsel joined. Even if Marin could show that counsel was deficient in relation to the plea process, he has not pointed to facts of prejudice under the *Strickland* standard. That is, Marin has not pointed to facts in the record contemporaneous with his guilty plea that absent counsel's allegedly deficient conduct, he rationally would have rejected the plea deal and proceeded to trial where he likely would have succeeded or received a better plea deal. *See Hill*, 474 U.S. at 56 (quoting *North Carolina v. Alford,* 400 U.S. 25, 31 (1970)) ("[T]he longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of

action open to the defendant.")

Here, absent counsel's allegedly deficient conduct, suppression of the unwarranted search was unlikely, for the reasons stated. Counsel negotiated a plea deal under which the government would recommend a sentence at the low end of the applicable Guideline range and a downward departure upon acceptance of responsibility. The plea deal did not include any statutory mandatory minimum – allowing Marin to argue for time served as was his desire. (Doc. 512 at 5-6). Moreover, Marin does not support any viable trial defense. Significantly, had Marin gone to trial his sentencing exposure was 20 years in prison. (Doc. 512 at 6).

**B. Ineffective Assistance of Counsel – Sentencing**

Marin asserts that Counsel was ineffective at sentencing by failing reasonably to investigate and respond to the Presentence Investigation Report and argue for downward variance to a sentence not disparate with his co-defendants. (*See* Docs. 583, 613, 614). Particularly so, he argues given his "minor role and lack of firearm involvement." (Doc. 583 at 7, 14, 16, citing 18 U.S.C. § 3553(a)(6)); *United States v. Daas*, 198 F.3d 1167 (9th Cir. 1999). Marin argues the average sentence of his co-defendants was 48 months, yet he received a 128-month sentence. (Doc. 583 at 15). Marin argues Counsel failed to raise unspecified challenges and arguments including those made by counsel for co-defendants. (Doc. 583 at 8).

However, Marin's claim that Counsel performed ineffectively in relation to sentencing including by failing to make an effective argument for a lower sentence was expressly waived in the plea agreement. That claim involves events that occurred after movant entered his guilty plea and is not concerned with the voluntary and intelligent character of that plea or the nature of counsel's advice to plead guilty. Therefore, the claim has been waived by the terms of Marin's plea agreement. *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005); *see also Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) ("a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing"); *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000) (when a defendant waives the right to appeal his sentence, he also "waives the right to argue ineffective assistance of counsel at

sentencing"); *United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1990) (waiver of the right to challenge sentencing errors was valid with the exception of claims that the sentence imposed was not in accordance with the negotiated agreement).[9]

In any event, Marin has not pointed to facts that counsel was deficient in relation to sentencing. Marin was present at the sentencing hearing. (Doc. 607 at 2). Nothing before the Court suggests that counsel deficiently investigated and presented the defense case at sentencing, or a reasonable probability of a more favorable sentencing outcome had Marin been represented by competent counsel.

For example, counsel reports that he discussed the advisory and non-binding Guideline calculations with Marin on the facts of the case including the quantity of drugs involved and Marin's criminal history. (Doc. 608 at 18-19). Particularly, counsel correctly estimated and advised Marin that the PSR would calculate a Guideline range of 188-235 months, and the government would calculate a plea agreement Guideline range of 151-188 months. (*Id.*). The sentencing record reflects that the PSR recommended 188-months in custody (Sealed Doc. 550-1 at 1), and the government argued for 151-months in custody following downward variance given Marin's age and performance on pretrial release (Doc. 607 at 5).

As noted, counsel attests that Marin was particularly interested in being able to argue for a sentence of probation, something the plea agreement allowed. (Doc. 608 at 19). Counsel made such an argument at the sentencing hearing. (Docs. 554. 554-1). Counsel argued for time served, advocated for mitigating factors and parity with co-defendants, and presented testimony from multiple witnesses and Marin himself. (*See e.g.*, Doc. 554 at 5-20; Doc. 554-1).

Counsel reports that he met with Marin and his supporters prior to sentencing to discuss possible mitigation. (Doc. 608 at 19). Counsel filed a 23-page sentencing memorandum along with supporting exhibits wherein he requested the Court vary downward and impose a sentence of probation and time served, consistent with Marin's request. (Docs. 554, 554-1).

During the sentencing colloquy, Marin confirmed that he was afforded sufficient time to

[9] The sentence imposed upon Marin was consistent with his plea agreement.

review the PSR with counsel. (Doc. 607 at 3). The Court adopted the unobjected to PSR with a Total Offense Level of 35 and a Criminal History Category of II, leading to a Guideline range of 188-235 months (Doc. 607 at 3), with a statutory maximum of 20 years in custody (*id.*). Ultimately, the sentencing Court exercised its discretion to vary downward and impose a below Guidelines sentence of 128 months in custody. (Doc. 607 at 3, 32; *see also* sealed Doc. 550; Doc. 553 at 1; Doc. 556; Doc. 557; Doc. 608 at 19). For the reasons discussed above, this is not a case like *Daas*, relied upon by Marin, where the district court believed incorrectly that it lacked the authority to depart downward based on sentencing disparity. *See Daas*, 198 F.3d at 1181.

**C. Ineffective Assistance of Counsel – Cumulative Error**

Marin asserts that Counsel's allegedly deficient conduct was prejudicial individually and cumulatively, denied him due process, and raised structural error. (Doc. 583 at 8, 16). Marin argues that had he been represented by competent counsel, the outcome of his suppression hearing and his sentence would have been materially different. (*Id.*). But Marin is not entitled to relief on his individual claims of ineffective assistance of counsel, for the reasons stated. Thus, Marin's claim to cumulative error necessarily fails. *See United States v. Brown*, 2021 WL 5407625, at *3 (E.D. Cal. Nov. 18, 2021) (citing *Parle v. Runnels*, 505 F.3d 922, 928 (9th Cir. 2007)) (quoting *Strickland*, 466 U.S. at 696) (the Ninth Circuit has described the standard for evaluating cumulative error on habeas as "determining whether the combined effect of multiple errors rendered a criminal defense 'far less persuasive' and had a 'substantial and injurious effect or influence' on the jury's verdict.").

**D. Evidentiary Hearing**

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, [u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255); *see also Jaramillo*, 2025 WL 2462728, at *20 (same). The Court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. *See United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996); *Rodriguez*, 49 F.4th at 1213 (same). To earn the right to a hearing, the movant must make specific factual allegations which,

if true, would entitle him to relief. *McMullen*, 98 F.3d at 1159. "The Ninth Circuit's rule is that merely conclusory statements in a § 2255 motion are not enough to require a hearing." *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

A § 2255 motion does not automatically entitle a movant to a hearing if the issues can be conclusively decided based on the evidence in the motion, files, and records. *Allison,* 431 U.S. at 80-82; 28 U.S.C. § 2255(b); *see also United States v. Mejia–Mesa,* 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief"); Habeas Rule 8(a) (the court must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Habeas Rule 7 to determine whether an evidentiary hearing is warranted); *Fontaine v. United States,* 411 U.S. 213, 215 (1973) (§ 2255 hearing is required unless the motion, files, and records conclusively show movant is not entitled to relief). The district court exercises its discretion and common sense in determining whether a hearing is necessary. *U.S. v. Tate*, 523 F. Supp. 2d 165, 169 (D. Conn. 2007); *see also U.S. v. Martinez*, 475 F. Supp. 2d 154, 161 (D. Conn. 2007) (a district court is permitted to dispose of a motion to vacate without a hearing where the case records demonstrate the movant's claims lack merit).

Here, Marin is not entitled to a § 2255 hearing because his claims are not cognizable, for the reasons stated. *Peterson*, 2025 WL 2780042, at *13 (E.D. Cal. Sept. 30, 2025) (movant is not entitled to a § 2255 hearing because his claims are not a basis for relief). The § 2255 motion may be denied as a matter of law, without a hearing. *See Leonti*, 326 F.3d at 1116 (defendant filing a motion to vacate is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the defendant is entitled to no relief); *cf. United States v. Werle*, 35 F.4th 1195, 1202 (9th Cir. 2022) (evidentiary hearing necessary on § 2255 motion to determine factual questions underlying prejudice to overcome procedural default); *Iaea v. Sunn*, 800 F.2d 861, 865-66 (9th Cir. 1986) (remanding "for an evidentiary hearing to determine whether there is a reasonable probability Iaea would not have pled guilty absent counsel's erroneous advice"). Marin's "mere conclusory allegations do not warrant an evidentiary hearing." *See Shah*, 878 F.2d at 1161.Therefore, the Court finds that a hearing on the § 2255 Motion is not necessary.

### E. Certificate of Appealability

Pursuant to Habeas Rule 11, "[t]he district court must issue or a deny a Certificate of Appealability when it enters a final order adverse to the applicant." Rules Governing Section 2255 Proceedings, Rule 11(a). A court may issue a Certificate of Appealability where the moving party has made a substantial showing of the denial of a constitutional right, and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

The Court finds that Marin has not made a substantial showing of the denial of a constitutional right, for the reasons stated. Furthermore, based on the foregoing, Marin cannot show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong, or that jurists of reason would find it debatable whether the § 2255 motion states a valid claim of the denial of a constitutional right and the Court was correct in its procedural rulings. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

## V. CONCLUSIONS

The Court observes that a *pro se* litigant's "pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys." *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, a "liberal construction" does not permit the Court to ignore "an obvious failure to allege facts that set forth a cognizable claim." *United States v. Caputo*, 2023 WL 5207318, at *3 (E.D. Cal. August 14, 2023) (*citing James*, 24 F.3d at 26). "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *Id.* The Court concludes that Marin has failed to state a claim for relief under 28 U.S.C. § 2255. Marin is not entitled to an oral hearing on the § 2255 Motion. Marin is not entitled to a Certificate of Appealability. Thus, the Court **ORDERS:**

1. The § 2255 Motion (Doc. 583) is **DENIED**.
2. A Certificate of Appealability **SHALL NOT** issue.

///

///

///

3. The Clerk of the Court is directed to enter judgment for the government and close the case.

IT IS SO ORDERED.

Dated: July 29, 2026

UNITED STATES DISTRICT JUDGE